[879 NYS2d 393]

In the Matter of JAMES J. JACKSON (Admitted as JAMES JUDSON JACKSON), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 24, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

*Lawrence S. Goldman* for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent James J. Jackson was admitted to the practice of law in the State of New York by the First Judicial Department on June 22, 1992, under the name James Judson Jackson. Respondent was also admitted to practice law in Connecticut in 1991. Respondent currently resides in the State of Washington and formerly resided in California, but he has not been admitted to the practice of law in either of the latter two states. Respondent does not currently practice law in New York.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.3, imposing the sanction of public censure upon respondent as reciprocal discipline predicated on the imposition of similar discipline upon him by the Superior Court of Connecticut, or, in the alternative, sanctioning respondent as this Court deems appropriate. Respondent concurs with the Committee's application for a public censure.

On August 20, 2007, respondent was convicted, upon his guilty plea in the United States District Court for the Central District of California, of alien harboring in violation of 8 USC § 1324 (a) (1) (A) (iii). In pleading guilty, respondent admitted that he knowingly harbored an alien (a domestic servant) in his home from approximately August 2001 to February 2002, after her visa had expired, in violation of the law. At the time of the offense, respondent resided in California, a state where, as previously noted, he has not been admitted to the bar.

After the Connecticut disciplinary authorities were made aware of respondent's conviction, respondent executed an affidavit and an "Admission of Misconduct and Agreement as to Disposition," dated March 21, 2008, by which he admitted that there was sufficient evidence to warrant the imposition of discipline and expressed willingness to accept a public reprimand as the sanction for his offense. By order entered June 18, 2008, the Superior Court of Connecticut issued a public reprimand of respondent. It is that order that is the basis of the Committee's instant petition for reciprocal discipline.

Respondent concedes that none of the defenses to a motion for imposition of reciprocal discipline (see 22 NYCRR 603.3 [c]) is available to him. Moreover, respondent's guilty plea to alien harboring would constitute professional misconduct in violation of Code of Professional Responsibility DR 1-102 (a) (3) (22 NYCRR 1200.3) (a lawyer shall not engage in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness or fitness as a lawyer). Accordingly, we grant the Committee's

petition and, pursuant to 22 NYCRR 603.3, impose upon him the reciprocal discipline of public censure, the equivalent of the sanction imposed by the Connecticut court, public reprimand (*see Matter of Power*, 3 AD3d 21, 24 [2003]). We note that respondent has an otherwise unblemished disciplinary record, that he fully cooperated with the disciplinary authorities in both Connecticut and New York, and that the Disciplinary Committee is not urging that we impose a greater sanction than the one imposed by Connecticut.

Accordingly, the petition should be granted and respondent publicly censured in accordance with the discipline ordered in Connecticut.

MAZZARELLI, J.P., FRIEDMAN, BUCKLEY, ACOSTA and FREEDMAN, JJ., concur.

Respondent publicly censured.