[887 NYS2d 21]

In the Matter of CLARENCE JORDAN BALL, III, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 13, 2009

### APPEARANCES OF COUNSEL

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Joseph J. Hester* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Clarence Jordan Ball, III was admitted to the

practice of law in the State of New York by the First Judicial Department on May 17, 1993. At all times relevant to this proceeding respondent has lived and practiced law in the Commonwealth of Virginia, where he was also admitted to practice as an attorney. Respondent has not appeared on this petition.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.3, censuring respondent predicated upon similar discipline issued by a Virginia court, or, in the alternative, sanctioning respondent as this Court deems just and proper. By order entered December 13, 2007, a three-judge court impaneled by the Virginia Supreme Court, held that respondent had violated rule 1.15 (c) (4) of the Virginia Rules of Professional Conduct, which requires a lawyer to promptly deliver to the client or another person the funds in the possession of the lawyer which such person is entitled to receive.

Respondent's misconduct is predicated upon acts occurring between August and November 2003. On August 4, 2003 respondent and Jennifer C. Yates, Esq. formed a partnership, Ball & Yates, LLP, in Norfolk, Virginia and opened a partnership checking account in which each deposited $12,500 in capital contributions. Before the partnership commenced operations, respondent and Yates decided to dissolve the partnership and respondent withdrew from the partnership on October 8, 2003. On October 23, 2003, respondent, without notifying Yates, withdrew the remaining partnership funds, totaling $10,679.32. He placed them in the client trust account of his new law firm, Ball and Manger, LLP, where Yates had no access to them.

In October and November 2003 respondent sent three checks to Yates totaling $7,767.16, which respondent claimed was the remainder of Yates's capital contribution. Rather than negotiating these checks, Yates commenced a lawsuit against respondent in November 2003. Respondent reciprocated by drawing and negotiating checks to himself totaling $7,767.16. Although Yates's lawsuit was against respondent individually, respondent paid the legal expenses incurred in defending himself with the disputed partnership funds drawn from his new escrow account. He also ordered a stop payment on the checks that he had issued to Yates.

In March and April 2004 respondent removed the disputed partnership funds from his firm's escrow account and paid them to the order of Ball and Manger, LLP. He provided written notice to Yates of these disbursements, stating that "a deposit is being made on your behalf," although the "deposits" repre-

sented a reduction in the amount of partnership funds held in his trust account. In addition, Ball & Manger, LLP charged $600 in legal fees against the disputed funds for simply preparing the written notices of respondent's disbursements, at $50 each.

Following respondent's answer to the charges, a three-judge court impaneled by the Supreme Court of Virginia convened to hear the matter. Respondent appeared with counsel and contested the charges. By order entered December 13, 2007, the three-judge panel of the Virginia court found that respondent had violated rule 1.15 (c) (4) of the Virginia Rules of Professional Conduct by:

> "(1) removing disputed Ball & Yates partnership funds to the client trust fund account of the Respondent's new law firm, thereby denying a Ball & Yates partner access to the funds and granting the new firm's partners access, without prior or proper authorization from or notice to the Ball & Yates partner, (2) disbursing funds and property without the prior authorization of or notice to the partner, and/or in breach of the partnership agreement, and/or with knowledge of disputes related to the funds and property, (3) ordering a stop-pay on the checks issued to the partner, without prior notice to the partner, and then using the funds without prior notice to or authorization from the partner, and (4) conveying essentially all disputed assets to Respondent's [sic] and Respondent's new law firm."

The three-judge court sanctioned respondent with an admonition without terms. Respondent's counsel objected to the court's findings upon the ground that, inter alia, "[t]he factual findings of the court do not constitute a violation of RPC 1.15 (c) (4)" Thereafter, respondent appealed the Virginia court's December 13, 2007 order to the Virginia Supreme Court, but subsequently withdrew it. As a result, by final order entered June 6, 2008 the Virginia court reinstated its December 13, 2007 order of admonition. These two orders provide the basis for the Committee's reciprocal discipline petition.

In a proceeding seeking reciprocal discipline, pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct presented to

the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.

Since respondent has not submitted a response to this petition, he has not raised any of the aforementioned defenses. In any event, a review of the record establishes that respondent was afforded due process and that sufficient evidence established the alleged misconduct. Indeed, as noted above, respondent, through counsel, answered the complaint, appeared with counsel, contested the disciplinary charges and filed an appeal of the hearing court's decision with the Supreme Court of Virginia (which he ultimately withdrew).

Finally, the conduct for which he was disciplined in Virginia constitutes a violation of disciplinary provision in this state (*see* Code of Professional Responsibility DR 9-102 [c] [4], read in conjunction with DR 9-102 [a] [22 NYCRR 1200.46]). The imposition of reciprocal discipline is therefore appropriate (*see Matter of Goldsmith*, 61 AD3d 132, 133 [2009] [lawyer acting as executor censured for neglecting a "sizeable, uncomplicated estate" for approximately two years]; *Matter of Vohra*, 303 AD2d 61 [2003] [attorney censured for failing to perform work for client and misrepresenting to client and law partner that work had been completed]).

As no available defense under 22 NYCRR 603.3 exists, the only issue for this Court to decide is the appropriate sanction to be imposed. It is generally accepted that the state where an attorney subject to discipline lived and practiced law at the time of the offense has the greatest interest in the matter and in the public policy considerations relevant to the disciplinary action (*Matter of Milchman*, 37 AD3d 77, 79 [2006]; *Matter of Dranov*, 14 AD3d 156, 163 [2004]). Moreover, great weight should be accorded to the sanction administered by the state where the charges were originally brought (*Matter of Gentile*, 46 AD3d 53, 55 [2007]; *Matter of Harris*, 37 AD3d 90, 93 [2006]).

In this matter, Virginia imposed a public admonition upon respondent which is the equivalent of public censure in this state (*Matter of Jackson*, 62 AD3d 97 [2009]; *Matter of Power*, 3 AD3d 21, 24 [2003]). In addition, no reason is offered to depart from the sanction imposed by Virginia, which is in accord with this Court's precedent (*see Matter of Jones*, 60 AD3d 212 [2009] [attorney censured for, inter alia, failing to perform monthly reconciliations of his trust account]; *Matter of Hammer*, 253

AD2d 226 [1999] [attorney with a disciplinary record censured for commingling personal and client funds and failing to maintain proper records where no misappropriation or loss of client funds]).

Accordingly, the Committee's petition for an order imposing reciprocal discipline should be granted and respondent should be publicly censured.

ANDRIAS, J.P., CATTERSON, RENWICK, DeGRASSE and ABDUS-SALAAM, JJ., concur.

Respondent publicly censured.