[939 NYS2d 10]

In the Matter of MICHAEL M. MILCHMAN, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 31, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Michael M. Milchman,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Michael M. Milchman was admitted to the practice of law in the State of New York by the First Judicial Department on August 22, 1983. At all times relevant to this petition, respondent has maintained an office for the practice of law in Florida.

By order entered December 14, 2006, this Court granted the reciprocal discipline petition of the Departmental Disciplinary Committee (Committee) and censured respondent based upon an order issued by the Supreme Court of Florida, on September 1, 2005 (912 So 2d 319 [Fla 2005] [table; text at 2005 Fla LEXIS 1880 (Sup Ct 2005)]), which approved an uncontested Referee's report and consent judgment, reprimanded respondent and placed him on probation for three years based upon a finding that there were shortages in his trust and operating accounts resulting from his inadequate record keeping (*Matter of Milchman,* 37 AD3d 77 [2006]). By order entered November 10, 2009, this Court suspended respondent as a result of his failure to register with the Office of Court Administration since the biennial period 1991-1992, violating Judiciary Law § 468-a.

In August 2008, a proceeding was commenced by the Florida Bar based on respondent's failure to comply with the terms of his probation. Following a hearing, the Florida Supreme Court issued an order on October 28, 2008, holding respondent in contempt and suspending him for 91 days, effective November 27, 2008 (996 So 2d 214 [Fla 2008] [table; text at 2008 WL 4768038, 2008 Fla LEXIS 2098 (Sup Ct 2008)]). Prior to the commencement of that proceeding, the Florida Bar had served respondent with a complaint charging him with failing to cooperate, making a material misrepresentation to the Bar, neglecting two criminal matters, and submitting his first quarterly report under the terms of his probation which showed trust account shortages and incomplete trust account records.

On June 23, 2009, respondent tendered his guilty plea to the charges and a consent judgment agreeing to an 18-month suspension from the practice of law, to be entered nunc pro tunc to November 27, 2008 (the effective date of his 91-day suspension). On June 29, 2009, a Referee signed a report recommending that the plea and judgment be approved. By order entered July 16, 2009, the Florida Supreme Court suspended respon-

dent for 18 months effective nunc pro tunc to November 27, 2008 (14 So 3d 1004 [Fla 2009] [table; text at 2009 WL 2058865, 2009 Fla LEXIS 1255 (Sup Ct 2009)]).

On June 23, 2009, the Florida Bar learned that on November 4, 2008, respondent accepted a retainer fee to represent an individual in a criminal matter, which was in contravention of the October 28, 2008 suspension order, which had directed respondent to immediately cease accepting new business. In September 2009, respondent was served with a petition and an order to show cause why he should not be held in contempt and disbarred for his willful violation of the October 2008 order.

On December 9, 2010, a hearing was conducted before a Referee during which respondent, represented by counsel, entered a guilty plea to the charges and agreed to accept a three-year suspension nunc pro tunc to September 23, 2009, the date on which the Florida Bar filed its petition for contempt. The Referee accepted the guilty plea and authorized the Bar to enter into the plea agreement. On February 10, 2011, respondent executed a guilty plea and consent judgment. On February 14, 2011, the Referee issued a report recommending approval of both. By order dated May 24, 2011, the Supreme Court of Florida approved the Referee's report and suspended respondent from the practice of law for three years, effective nunc pro tunc September 23, 2009, plus costs (64 So 3d 119 [Fla 2011] [table; text at 2011 WL 2119267, 2011 Fla LEXIS 1228 (Sup Ct 2011)]).

The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.3 imposing reciprocal discipline upon respondent, suspending him from the practice of law for a period of three years based upon similar discipline imposed on him by an order of the Supreme Court of Florida dated May 24, 2011, or in the alternative, for such sanction as this Court deems appropriate.

Under this Court's rules, "[a]ny attorney . . . who has been disciplined in a foreign jurisdiction, may be disciplined by this court because of the conduct which gave rise to the discipline imposed in the foreign jurisdiction" (22 NYCRR 603.3 [a]). In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 603.3, respondent is precluded from raising any defenses except: (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*see* 22 NYCRR 603.3 [c]; *Matter of Ball*, 69 AD3d 149

[2009]). Although served with this motion by first-class mail and certified mail return receipt requested, respondent has not submitted a response.

A review of the petition and its annexed exhibits establishes that respondent was afforded due process and there was sufficient evidence to establish his misconduct. The Committee persuasively asserts that respondent cannot raise the defense that he was denied due process in the Florida disciplinary proceeding since he was given sufficient notice and opportunity to be heard. Indeed, respondent, represented by counsel, voluntarily entered into a settlement with Bar Counsel where, he entered a guilty plea to the charge filed against him. Moreover, the Committee correctly contends that respondent has no defense under 22 NYCRR 603.3 (c) (2) (infirmity of proof) since the Florida Supreme Court's findings of professional misconduct were fully supported by the record and included respondent's admission that he accepted new business in direct violation of the court's October 28, 2008 order. Furthermore, respondent has no defense under 22 NYCRR 603.3 (c) (3) because the misconduct for which he was disciplined in Florida, disregarding a court order, also constitutes misconduct in New York (*see Matter of Dorfman*, 81 AD3d 59 [2011]; *Matter of Larsen*, 50 AD3d 41 [2008]). In light of the foregoing, respondent is subject to reciprocal discipline by this Court (*see Matter of Singer*, 302 AD2d 179, 181 [2002]).

As to the appropriate sanction, it is generally accepted that the state where an attorney lived and practiced law at the time of the offense has the greatest interest in the matter and in the public policy considerations relevant to the disciplinary action (*see Ball*, 69 AD3d at 152; *Matter of Jarblum*, 51 AD3d 68 [2008]). Therefore, great weight should be accorded to the sanction administered by the state where the charges were originally brought (*see Matter of Harris*, 37 AD3d 90, 93 [2006]).

In this matter, Florida determined that the appropriate sanction for respondent's conduct was a three-year retroactive suspension and costs, which falls within the range of sanctions that this Court has ordered for failing to comply with a court order (*see e.g. Matter of Larsen*, 50 AD3d 41 [2008], *supra* [attorney suspended for $2^{1}/_{2}$ years for, inter alia, disregarding a court ruling, justifying her noncompliance to her client and falsely notarizing her client's signature]). This Court has previously imposed retroactive suspensions, per the original jurisdictions' orders, and there is no reason not to do so here (*see e.g. Matter of Shea*, 308 AD2d 29 [2003]).

Accordingly, the petition for an order pursuant to the doctrine of reciprocal discipline should be granted (*see* 22 NYCRR 603.3) and respondent suspended from the practice of law for three years effective nunc pro tunc to September 23, 2009, and until further order of this Court.

GONZALEZ, P.J., ANDRIAS, SAXE, FRIEDMAN and CATTERSON, JJ., concur.

Respondent suspended from the roll of attorneys and counselors-at-law in the State of New York for three years, nunc pro tunc to September 23, 2009, and until further order of this Court.