[945 NYS2d 252]

In the Matter of STEVEN A. COLAROSSI, a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 29, 2012

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Norma I. Lopez* of counsel), for petitioner.

*Steven A. Colarossi*, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent Steven A. Colarossi was admitted to the practice

of law in the State of New York by the First Judicial Department on June 18, 1990. Respondent was admitted to practice law in Connecticut in 1989 where he maintains an office for the practice of law. He was also admitted to practice law in Massachusetts on June 19, 1991.

By order of this Court dated April 24, 1997, effective May 27, 1997, respondent was suspended, pursuant to Judiciary Law § 468-a, for nonpayment of biennial registration fees. To date, respondent has not registered or been reinstated in New York.

By order dated March 8, 2010, respondent was publicly reprimanded by the Connecticut Superior Court. The Departmental Disciplinary Committee (DDC) now moves, pursuant to 22 NYCRR 603.3, for an order imposing the sanction of public censure upon respondent as reciprocal discipline or, in the alternative, sanctioning respondent as we deem appropriate. Respondent opposes the imposition of reciprocal discipline.

Although this proceeding is based on discipline imposed in Connecticut, that proceeding arose from a disciplinary proceeding in Massachusetts, where respondent is currently suspended.

After being admitted in New York in 1990, respondent relocated to Massachusetts where he was admitted to practice in 1991, and began practicing with a Boston law firm. Respondent claims he lacked sufficient financial resources to pay New York's biennial registration fee and he allowed it to lapse in 1992, eventually resulting in his suspension in 1997 for nonpayment.

In 2001, respondent relocated to Norwalk, Connecticut, where he worked as a contract attorney with a local firm and established a modest practice with several clients of his own. One of these clients, Anthony Isola (Isola) retained respondent to represent him in the sale of a condominium unit. Since respondent did not have a Connecticut escrow account, he used his Massachusetts IOLTA account to receive and disburse funds related to the sale. After the closing in April 2008, Isola requested that respondent keep the portion of the sale funds he received on deposit in his IOLTA account, as Isola would require respondent's legal services in the future and intended to use the funds on deposit to pay for such work.

Over a period of several months, respondent disbursed the IOLTA funds at Isola's direction. In December 2008, respondent issued a check made payable to Isola to disburse the remainder of the funds on deposit, which check was dishonored due to insufficient funds. Respondent admitted that he did not keep adequate records concerning these funds.

The Massachusetts Board of Bar Overseers received two overdraft notices regarding respondent's IOLTA account and sent three letters to respondent requesting he address the overdrafts. All were returned as "undeliverable." Respondent was administratively suspended by the Massachusetts Supreme Judicial Court for Suffolk County.

In September 2009, the Board of Bar Overseers notified the Connecticut Statewide Grievance Committee that respondent had been administratively suspended for failing to cooperate with its investigation and in March 2010, the Connecticut Committee sought the imposition of reciprocal discipline. It also ascertained, based upon its own investigation, that respondent had used client funds for his own personal purposes and on one occasion, accepted a loan from a client (Isola) without proper documentation and conflict waiver in violation of Connecticut's Rules of Professional Conduct.

Respondent, represented by counsel, entered into a stipulation with the Grievance Committee, dated March 3, 2010 in which he admitted to violation of Connecticut's Rules of Professional Conduct and agreed to a sanction of public reprimand for his misconduct. The Connecticut Superior Court for the Judicial District of Hartford issued such an order dated March 8, 2010. This is the order underlying the DDC's instant petition for reciprocal discipline.

By a November 9, 2010 letter, the Massachusetts Bar Counsel informed respondent that it closed its file and would not be pursuing disciplinary action against him. The letter further advised respondent that the Bar Counsel would not oppose an application to have his administrative suspension for noncooperation vacated, although he would remain administratively suspended for failure to pay bar dues.

In seeking an order pursuant to 22 NYCRR 603.3, the Committee correctly argues that respondent is precluded from raising any defenses except that: (1) there was a lack of notice or opportunity to be heard constituting a deprivation of due process in the prior disciplinary proceeding; (2) there was an infirmity of proof presented to the foreign jurisdiction; or (3) that the conduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction (*see* 22 NYCRR 603.3 [c]).

Respondent does not argue that he has a valid defense to the imposition of reciprocal discipline but contends that reciprocal discipline is not warranted. He requests, inter alia, that, if re-

ciprocal discipline is imposed, it be made nunc pro tunc to March 8, 2010, the date of his Connecticut discipline.

The record clearly demonstrates that no defenses under 22 NYCRR 603.3 [c] are available to respondent. Respondent was given notice of the charges against him, afforded a hearing and, while represented by counsel, entered into a stipulation in which he admitted to violating Connecticut rules and consented to a public reprimand. As to sufficiency of proof, respondent made specific admissions with respect to his misconduct in the stipulation. Moreover, his misconduct in Connecticut also constitutes misconduct in New York (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.15 [a]—prohibition against commingling and misappropriation of client funds; rule 1.8 [a]—current clients: specific conflict of interest rules).

Accordingly, as no defense has been presented or exists, the Committee's petition for an order pursuant to the doctrine of reciprocal discipline should be granted.

With respect to the appropriate sanction, it is generally accepted that the state where an attorney lived and practiced law at the time of the offense has the greatest interest in the matter and in the public policy considerations relevant to the disciplinary action (*Matter of Ligos*, 75 AD3d 78, 80 [2010]; *Matter of Ball*, 69 AD3d 149, 152 [2009]). Further, great weight should be accorded to the sanction administered by the jurisdiction where the charges were originally brought (*id.*).

Here, Connecticut imposed a public reprimand, which is the equivalent of public censure in New York (*Matter of Jackson*, 62 AD3d 97, 99 [2009]), and no reason has been suggested to depart from the sanction imposed by that jurisdiction. This is consistent with our precedents involving similar misconduct (*see Matter of Dyer*, 89 AD3d 182, 185-186 [2011]; *Matter of Francis*, 78 AD3d 106, 110 [2010]; *Matter of Cohen*, 12 AD3d 29, 32 [2004]).

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent publicly censured pursuant to 22 NYCRR 603.3.

GONZALEZ, P.J., SWEENY, MOSKOWITZ, RENWICK and RICHTER, JJ., concur.

Respondent publicly censured.