*155 OPINION OF THE COURT
Per Curiam.
Respondent Patrice M. Davis was admitted to the practice of law in the State of New York by the Second Judicial Department on June 24, 1981, under the name Patrice Merritt Davis. By order dated February 3, 1998, effective March 6, 1998, this Court immediately suspended respondent from the practice of law for failure to register with the Office of Court Administration (OCA). Records maintained by OCA show respondent no longer maintains an office for the practice of law within this Department and lists a business address in South Orange, New Jersey. She is currently delinquent in paying her most recent biennial filing fees (2012 to 2013).
The Departmental Disciplinary Committee (Committee) seeks an order, pursuant to 22 NYCRR 603.3, suspending respondent from the practice of law for one year, predicated upon similar discipline imposed by the Supreme Court of New Jersey or, in the alternative, sanctioning respondent as this Court deems appropriate.
On October 27, 2010, respondent and her counsel at that time executed a stipulation of discipline with the New Jersey Office of Attorney Ethics (OAE) wherein she stipulated to violating New Jersey Rules of Professional Conduct (RPC) rule 8.4 (b) (committing a criminal act that adversely reflects on an attorney’s honesty, trustworthiness or fitness as a lawyer), and agreed that the appropriate discipline to impose was a one-year suspension.
The stipulated facts are that in April 2003, respondent and her husband applied for a $275,000 mortgage to refinance their home. When respondent was advised that there was a 1993 federal tax lien on their home, she contacted the IRS and discovered that the payoff amount was $5,780. Thereafter, respondent submitted a false certificate of release of federal tax lien to the mortgage corporation to show that she purportedly paid off the amounts due to the IRS. Respondent also filed the false release with the Essex County Register. In May 2003, the president of the mortgage corporation discovered discrepancies between the certificate of release and IRS records. After confirming that the lien was still in effect, he informed respondent of his discovery that the certificate was false. Respondent contacted the IRS, admitted she had filed the lien release and satisfied the lien.
A few months later, in August 2003, respondent met with U.S. Department of Treasury agents and in an effort to cover up her *156 misconduct, she claimed an individual identified as “T.M.” had provided her with the false certificate of release and she gave the IRS agents a false power of attorney purportedly from T.M.
In January 2007, a criminal complaint was filed in U.S. District Court, District of New Jersey charging respondent with knowingly uttering a counterfeit writing with intent to defraud the United States in violation of 18 USC §§ 495 and 2. In March 2008, respondent was accepted into a federal pretrial diversion program by which prosecution was deferred and, by order of July 7, 2008 the complaint was dismissed without prejudice.
In August 2007, the OAE filed a grievance against respondent alleging a violation of RPC rule 8.4 (b). As noted above, on October 27, 2010, respondent, represented by counsel, entered into a stipulation with the OAE admitting to the misconduct and to the proposed one-year suspension. On May 16, 2011, the stipulation was submitted to the Disciplinary Review Board (DRB) which determined that a one-year suspension was the appropriate discipline, and submitted the matter to the Supreme Court for the entry of an order of discipline. By order entered June 30, 2011 (206 NJ 557, 21 A3d 215 [2011]), the Supreme Court of New Jersey suspended respondent from the practice of law for one year, effective July 29, 2011, for violating RPC rule 8.4 (b). It is this order which provides the basis of the Committee’s reciprocal discipline petition.
In seeking an order pursuant to Judiciary Law § 90 (2) and 22 NYCRR 603.3, the Committee correctly argues that respondent is precluded from raising any defenses except that:
“(1) that the procedure in the foreign jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
“(2) that there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this court could not, consistent with its duties, accept as final the finding in the foreign jurisdiction as to the attorney’s misconduct; or
“(3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this jurisdiction.” (22 NYCRR 603.3 [c].)
Respondent, pro se, was properly served with this motion by mail in New Jersey but has not replied to this petition.
*157 A review of the petition and its annexed exhibits establishes that respondent was afforded due process and there was sufficient evidence to establish her misconduct. In fact, respondent stipulated to her misconduct, the disciplinary rule she violated, and the agreed-upon recommendation of a one-year suspension. Moreover, the Committee’s argument that New Jersey’s RPC rule 8.4 (b) is analogous to New York’s Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b) (formerly DR 1-102 [a] [22 NYCRR 1200.3 (a) (3)]) (illegal conduct that adversely reflects on a lawyer’s honesty, trustworthiness or fitness as a lawyer) is squarely in accord with our precedents and correct (see Matter of Musmanno, 69 AD3d 54 [1st Dept 2009]; Matter of Jacoby, 42 AD3d 196 [1st Dept 2007]; Matter of Sims, 36 AD3d 304 [1st Dept 2006]; Matter of Maiorino, 301 AD2d 53 [1st Dept 2002]). Accordingly, as no defense has been presented or exists, the Committee’s petition for an order pursuant to the doctrine of reciprocal discipline should be granted.
As to the appropriate sanction, it is generally accepted that the state where the attorney lived and practiced law at the time of the offense has the greatest interest in the matter and in the public policy considerations relevant to the disciplinary actions (see Matter of Etkin, 102 AD3d 151 [1st Dept 2012]; Matter of Milchman, 92 AD3d 143 [1st Dept 2012]; Matter of Ball, 69 AD3d 149 [1st Dept 2009]). In addition, this Court has consistently held that “great weight should be accorded to the sanction administered by the state where the charges were originally brought” (Matter of Rogge, 51 AD3d 367, 369 [1st Dept 2008]; Matter of Gentile, 46 AD3d 53, 55 [1st Dept 2007]). Moreover, the Committee points out that the sanction imposed by the New Jersey Supreme Court is in accord with this Court’s precedent involving similar-type forgeries (see e.g. Matter of Alviar, 21 AD3d 50 [1st Dept 2005] [one-year suspension for, inter alia, forgery of client’s signature on two occasions]; Matter of Adler, 302 AD2d 78 [1st Dept 2003] [one-year suspension where misdemeanor conviction involving a false notarization of forged real estate deed, a forged signature on a tax form, and misrepresentations to cover up misconduct]; Matter of Halper, 141 AD2d 201 [1st Dept 1988] [one-year suspension for attorney convicted of a misdemeanor for forging a judge’s signature on a purported “order” which gave him custody of a friend’s teenage son]).
Accordingly, the Committee’s petition should be granted and respondent should be suspended from the practice of law for a period of one year, effective the date hereof and until further order of this Court.
*158 Mazzarelli, J.P., Andrias, Saxe, Manzanet-Daniels and Gische, JJ., concur.
Respondent suspended from the practice of law in the State of New York for a period of one year, effective the date hereof and until further order of this Court.