[25 NYS3d 214]

In the Matter of MARLENE GARCIA, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 23, 2016

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Jun H. Lee* of counsel), for petitioner.

*Marlene Garcia,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Marlene Garcia was admitted to the practice of law in the State of New York by the First Judicial Department on June 5, 1989, where she is still currently registered. At all times relevant to this proceeding she has maintained a registered address in Florida, where she resides and is admitted to practice law. She has been on inactive status in Florida since April 2008.

By order dated May 9, 2014, the Supreme Court of Florida suspended respondent for three years, nunc pro tunc to December 5, 2013, based on disciplinary violations stemming from a felony conviction for possession of cocaine (*Florida Bar v Garcia*, 143 So 3d 923 [Fla 2014]). In relation to that suspension, the Departmental Disciplinary Committee now seeks an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, imposing reciprocal discipline on respondent in the form of a three-year suspension, nunc pro tunc to December 5, 2013, or such sanction as this Court deems appropriate. Respondent has not submitted a response.

In reciprocal discipline matters under 22 NYCRR 603.3 (c), the only defenses that may be raised by the respondent in opposition are: (1) a lack of notice constituting a deprivation of due process, (2) an infirmity of the proof presented to the foreign jurisdiction, or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (*see Matter of Hoffman*, 34 AD3d 1 [2006]). The submitted record establishes that none of these defenses are applicable: respondent received notice of the disciplinary charges against her and was afforded due process, the misconduct was established by her voluntary entry into a stipulation and consent judgment admitting the charges, and the misconduct for which respondent was disciplined in Florida constitutes violations of parallel provisions in this state, specifically, New York Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b) and (h).

As a general rule in reciprocal discipline matters, this Court gives significant weight to the sanction imposed by the state where the misconduct occurred, which has the greatest interest in the sanction imposed (*see Matter of Milchman*, 37 AD3d 77 [2006]). Here, in view of respondent's current conviction as

well as two prior drug-related convictions from 2008 and 2011 and related suspensions from the practice of law in Florida, the sanction imposed by the State of Florida in this instance does not deviate materially from precedent of this Court.

Accordingly, the Committee's petition for reciprocal discipline should be granted, and respondent should be suspended from the practice of law in this state for three years, effective nunc pro tunc to December 5, 2013, until further order of the Court.

MAZZARELLI, J.P., FRIEDMAN, SWEENY, SAXE and MOSKOWITZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York for a period of three years, nunc pro tunc to December 5, 2013, and until further order of this Court.