[36 NYS3d 658]

In the Matter of EDWARD R. BASSETTI, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 25, 2016

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Yvette A. Rosario* of counsel), for petitioner.

*Edward R. Bassetti,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Edward R. Bassetti was admitted to the practice of law in the State of New York by the First Judicial Department on June 20, 1983. Respondent was also admitted to practice in the State of New Jersey in 1987. At all times relevant to this proceeding, respondent has maintained a business address in New Jersey, where the underlying events occurred. Accordingly, jurisdiction is based upon respondent's admission to this Department.

On April 16, 2007, respondent's law firm was the settlement agent for the refinance of real property owned by a property owner in Glen Oaks, New York (the property owner). At the closing, $24,970.14 from the loan proceeds were held in escrow in one of respondent's attorney trust accounts in order to pay off two of the property owner's credit cards, one of which had a balance of $11,263.06.

Although respondent tried to disburse amounts for payment of the credit card, the check, for unknown reasons, never cleared the attorney trust account. At some point, respondent learned that he still held $11,263.06 in the trust account for the property owner, but did not know who was supposed to receive the funds; even once he learned that the funds were designated for the property owner, he did not successfully disburse the funds. As a result, on July 24, 2013, the property owner filed a grievance with the New Jersey Office of Attorney Ethics (OAE). On December 30, 2013, respondent issued the property owner a check for $11,263.22 (16¢ more than required) from an attorney trust account.

OAE's investigation into this matter revealed deficiencies in respondent's bookkeeping with regard to his attorney trust accounts, including the failure to prepare monthly reconciliations, or to maintain cash receipts and disbursement journals. Respondent's attorney trust accounts were ultimately reconciled and all of the client funds contained in those accounts were identified.

In May 2015, respondent, with counsel, entered into a stipulation of discipline by consent with OAE. In the stipulation, respondent stated that, by his conduct, he violated New Jersey Rules of Professional Conduct (NJRPC) rules 1.3 (lack of diligence), 1.4 (failure to communicate), 1.15 (b) (failure to promptly disburse funds) and 1.15 (d) (record keeping).

By letter dated September 21, 2015, the Disciplinary Review Board of the Supreme Court of New Jersey (DRB) granted

OAE's motion for discipline by consent and agreed that censure was the appropriate sanction for the admitted misconduct. The Supreme Court of New Jersey's September 25, 2015 order of censure followed (*see* 223 NJ 239, 121 A3d 875 [2015]).

Now the Committee seeks an order, under Judiciary Law § 90 (2) and Rules of the Appellate Division, First Department (22 NYCRR) § 603.3, publicly censuring respondent, predicated upon similar discipline imposed by the Supreme Court of New Jersey.

In the present proceeding respondent is precluded from raising any defenses except: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct presented to the foreign jurisdiction; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (22 NYCRR 603.3 [c]; *Matter of Garcia*, 138 AD3d 96, 97 [1st Dept 2016]; *Matter of Hoffman*, 34 AD3d 1, 2-3 [1st Dept 2006]). With regard to the third enumerated defense to reciprocal discipline, the Committee notes that, as the misconduct occurred both before and after the April 1, 2009 effective date of the New York Rules of Professional Conduct (RPC) (22 NYCRR 1200.0), both the RPC and the New York Code of Professional Responsibility apply.

The misconduct for which respondent was disciplined in New Jersey does constitute misconduct in New York. First, NJRPC rule 1.3 is identical to RPC rule 1.3 (a) (a lawyer "shall act with reasonable diligence and promptness in representing a client") and the conduct is also prohibited by former DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) ("A lawyer shall not . . . [n]eglect a legal matter"). Second, NJRPC 1.4 (b) is analogous to RPC rule 1.4 (a) (3) and (4) (a lawyer "shall . . . keep the client reasonably informed about the status of the matter" and "promptly comply with a client's reasonable requests for information") and the conduct is also prohibited by former DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). Third, NJRPC rule 1.15 (b) is analogous to RPC rule 1.15 (c) (1) (a lawyer "shall . . . promptly notify a client . . . of the receipt of funds . . . in which the client . . . has an interest") and former DR 9-102 (c) (1) (22 NYCRR 1200.46 [c] [1]) (same). Fourth and finally, NJRPC rule 1.15 (d) is analogous to RPC rule 1.15 (d) (2) (lawyers "shall make accurate entries of all financial transactions in their records of receipts and disbursements, in their

special accounts, in their ledger books . . . , and in any other books of account kept by them in the regular course of their practice") and former DR 9-102 (d) (9) (22 NYCRR 1200.46 [d] [9]) (same).

Thus, as respondent implicitly concedes, none of the defenses enumerated in 22 NYCRR 603.3 (c) are available to him in this reciprocal disciplinary proceeding. Further, the record supports the findings of professional misconduct in New Jersey. Thus, we grant the Committee's petition and impose reciprocal discipline.

With regard to the issue of sanctions, this Court affords great weight to the discipline issued by the state where respondent lived and practiced law at the time of the violation as that jurisdiction has the greatest interest in determining a disciplinary sanction (*Matter of Langjahr*, 128 AD3d 213 [1st Dept 2015]; *Matter of Rogge*, 51 AD3d 367 [1st Dept 2008]).

This Court has imposed a public censure as a sanction for the negligent mishandling of escrow accounts where the attorney has, among other things, admitted the charges, taken remedial measures, and cooperated with the Committee (*see e.g. Matter of Rokacz*, 121 AD3d 134 [1st Dept 2014]; *Matter of Glatman*, 47 AD3d 230 [1st Dept 2007]). The penalty of censure is particularly appropriate "in cases where, as here . . . the conduct in question 'reflected poor judgment rather than dishonesty' " (*Matter of Dyer*, 89 AD3d 182, 186 [1st Dept 2011], quoting *Matter of Cohen*, 12 AD3d 29, 31 [1st Dept 2004]).

It is submitted that, in light of the nature of respondent's misconduct, his admission of that misconduct, cooperation with OAE, taking remedial measures, and limited prior disciplinary history consisting of a reprimand in New Jersey (213 NJ 41, 59 A3d 599 [2013]), there is no reason to depart from the sanction imposed by New Jersey.

Accordingly, the Committee's petition for an order imposing reciprocal discipline should be granted and respondent publicly censured.

MAZZARELLI, J.P., RENWICK, MOSKOWITZ, GISCHE and GESMER, JJ., concur.

Respondent publicly censured.