Matter of Androphy (2019 NY Slip Op 00525)





Matter of Androphy


2019 NY Slip Op 00525


Decided on January 24, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rosalyn H. Richter, Justice Presiding, Sallie Manzanet-Daniels, Peter Tom, Ellen Gesmer, Cynthia S. Kern, Justices.


M-5330

[*1]In the Matter of Joshua S. Androphy, (admitted as Joshua Samuel Androphy), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Joshua S. Androphy, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Joshua S. Androphy, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on June 21, 2006.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Naomi F. Goldstein, of counsel), for petitioner.
Stephen D. Hans, Esq. for respondent.



PER CURIAM.


Respondent Joshua S. Androphy was admitted to the practice of law in the State of New York by the Second Judicial Department on June 21, 2006, under the name Joshua Samuel Androphy. At all times relevant to this proceeding, respondent maintained a registered address within the First Judicial Department.
The Attorney Grievance Committee seeks an order, pursuant to Judiciary Law § 90(2), and the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.13, imposing reciprocal discipline on respondent, in the form of a public censure, based upon the discipline imposed by the United States District Court for the Southern District of New York.
In November 2017, the Southern District's Committee on Grievances charged respondent with violating, inter alia, New York Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15(c)(4), stemming from respondent's improper remittal of an erroneously issued settlement check to his client which his client was not entitled to receive. In response, respondent submitted a declaration admitting that his actions violated rule 1.15(c)(4) but claimed that he did so unintentionally and mistakenly. Specifically, respondent believed that he had an ethical obligation to remit the check to his client although he
knew that the check was issued in error. Based on the undisputed facts, respondent's admissions, and the mitigating circumstances indicated by the record (i.e., the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, and respondent's candor and cooperation), the Southern District of New York censured respondent for violating rule 1.15(c)(4) of the Rules of Professional Conduct.
In proceedings seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, a respondent may raise the following defenses: (1) a lack of notice and opportunity to be heard in the foreign jurisdiction, (2) an infirmity of proof establishing the misconduct, or (3) that the misconduct at issue in the foreign jurisdiction would not constitute misconduct in New York (Matter of Kim, 138 AD3d 8 [1st Dept 2016]). Here, respondent has not raised any of these defenses nor could he persuasively do so given that he received notice of the charges against him and admitted to the misconduct. Moreover, the Southern District's findings are sufficiently supported by the record, which includes respondent's admissions. The misconduct for which respondent was disciplined also would constitute misconduct in a New York State Court.
The only issue remaining is the appropriate sanction. As a general rule in reciprocal disciplinary matters, we give significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103 [1st Dept 2015]). Here, a reciprocal public censure is in accord with this Court's precedent involving similar misconduct (see e.g., Matter of Bassetti, 143 AD3d 27 [1st Dept 2016]; Matter of Ball, 69 AD3d 149 [1st Dept 2009]).
Accordingly, the Committee's motion should be granted and respondent publicly censured.
All concur.
Order filed. [January 24, 2019]
Motion for reciprocal discipline is granted, and respondent is publicly censured pursuant to 22 NYCRR 1240.13.