Matter of Silverman (2021 NY Slip Op 02498)





Matter of Silverman


2021 NY Slip Op 02498


Decided on April 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 27, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Barbara R. Kapnick
Jeffrey K. Oing
Saliann Scarpulla
Martin Shulman, JJ.


Motion No. 2021-00448 Case No. 2021-00490 

[*1]In the Matter of Jared Silverman, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jared Silverman, (OCA Atty. Reg. No. 1148550.) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 22, 1971.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kelly A. Latham, of counsel), for petitioner.
Respondent, pro se



Per Curiam 


Respondent A. Jared Silverman was admitted to the practice of law in the State of New York by the First Judicial Department on February 22, 1971. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
Respondent is also admitted to practice law in New Jersey. By order entered October 4, 2019, the Supreme Court of New Jersey censured respondent for, inter alia, nonvenal escrow account related misconduct.
The Attorney Grievance Committee (the Committee) now seeks an order pursuant to Judiciary Law § 90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR) §1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why he should not be disciplined in New York based on his discipline in New Jersey, imposing the sanction of public censure, or, alternatively, sanctioning respondent as this Court deems appropriate. Respondent, who appears pro se, does not oppose the imposition of reciprocal discipline to the extent that it is "based only on, and consistent with, the Order of the New Jersey Supreme Court, filed October 4, 2019."
In 2016, the New Jersey Office of Attorney Ethics (OAE) conducted a random audit of respondent's attorney trust account and discovered a shortfall which respondent failed to correct despite being given the opportunity to do so. OAE filed a three-count complaint charging respondent with, inter alia, failure to safeguard and knowing misappropriation of client funds, and recordkeeping violations in violation of the New Jersey Rules of Professional Conduct (RPC).
At a March 2018 hearing before a special master respondent appeared pro se and testified. The evidence showed that respondent's attorney trust account had a negative balance with respect to KL, a client respondent represented from 2008 until 2016 in various business transactions. Respondent claimed the negative balance resulted from a bookkeeping error on his part. Specifically, his records did not reflect a $7,500 disbursement made on KL's behalf. The error resulted in other clients' funds being invaded.
Respondent continued to receive funds related to KL's business ventures which he disbursed as KL directed. None of these funds were applied toward the uncured invasions. Respondent maintained that had he not disbursed the monies as KL directed he would have exposed KL to liability to his business associates. During the relevant period respondent also withdrew earned legal fees from his escrow account rather than applying them toward the prior invasions of client funds. Respondent ultimately remedied the account shortfall in 2018.
Hearing evidence further revealed recordkeeping violations including client ledger cards with debit or negative balances pertaining to KL, incorrectly prepared and [*2]inaccurate three-way reconciliations, electronic transfers made without proper written authorization and an incorrectly titled business account. Respondent also was charged with accepting a $10,000 loan from client RY, who he failed to advise in writing that he should seek the advice of independent counsel before entering into the transaction, in violation of RPC 1.8(a)(2).
The special master found that respondent knowingly misappropriated client funds and engaged in a conflict of interest with respect to RY. However, he did not sustain the recordkeeping charge.
After oral argument before the New Jersey Disciplinary Review Board (DRB), the DRB issued a decision in May 2019 recommending that respondent be disbarred for violating RPC 1.8(a)(2) (improper business transaction with a client), 1.15(a) (failure to safeguard and knowing misappropriation of client funds), 1.15(d) (recordkeeping violations) and 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation).
Thereafter, DRB's decision was submitted to the Supreme Court of New Jersey, which found respondent engaged in professional misconduct, but disagreed with certain of DRB's findings and its sanction recommendation. The Supreme Court of New Jersey opted to censure, rather than disbar respondent, finding there was no clear and convincing evidence that respondent knowingly misappropriated client funds or engaged in conduct involving dishonesty, fraud, deceit or misrepresentation.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13(b), a respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state.
Notwithstanding that respondent does not raise any of the above defenses, none apply. Respondent was on notice of the charges against him and defended himself before the special master, the DRB and the New Jersey Supreme Court. Furthermore, the record herein, which includes respondent's admissions, amply supports the misconduct findings in New Jersey. Finally, respondent's misconduct in New Jersey would also constitute professional misconduct under New York's Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.8(a)(2), 1.15(d)(2) and 1.15(e).
In response to the Committee's motion, respondent interposes an affirmation in "limited opposition." Although he does not challenge this Court's authority to impose reciprocal discipline, respondent argues that the Committee's position that his adjudicated misconduct in New Jersey includes violations of RPC 1.8(a)(2) (improper business transaction with a client) and 1.15(d) (recordkeeping violations) is speculative because the Supreme Court of New Jersey's October 4, 2019 order does not cite any specific violations upon which its [*3]determination to censure respondent is based. Respondent further maintains that the record of proceedings before the special master and DRB is irrelevant and that the Supreme Court of New Jersey disregarded their findings, essentially conducting its own de novo review.
Respondent's argument is unavailing. The Supreme Court of New Jersey dismissed the charges against respondent for knowing misappropriation of client funds (RPC 1.15[a]) and conduct involving dishonesty, fraud, deceit or misrepresentation (RPC 8.4[c]). Although it did not expressly find that respondent violated RPC 1.8(a)(2) and 1.15(d), in censuring respondent it implicitly sustained these remaining charges by not dismissing them.
As to the appropriate sanction, the Committee requests, and respondent does not oppose, that a public censure be imposed. As a general rule in reciprocal disciplinary matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which charges were initially brought (see Matter of Valvano, 186 AD3d 1, 5 [1st Dept 2020]; Matter of Byrne, 174 AD3d 180, 183-184 [1st Dept 2019]). Public censure is commensurate with respondent's censure in New Jersey and this Court has previously imposed public censures for similar misconduct (see Matter of Bassetti, 143 AD3d 27 [1st Dept 2016]; Matter of Leibowitz, 78 AD3d 57 [1st Dept 2010]).
Accordingly, the Committee's motion for reciprocal discipline should be granted and respondent publicly censured.
All concur.
It is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of New Jersey, is granted, and
It is further Ordered that respondent A. Jared Silverman is hereby publicly censured for his misconduct.
Entered. April 27, 2021