[990 NYS2d 413]

In the Matter of JOSEPH ROKACZ, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 7, 2014

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kaylin L. Whittingham* of counsel), for petitioner.

*Frankfurt Kurnit Klein & Selz PC* (*Richard M. Maltz* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Joseph Rokacz was admitted to the practice of law in New York by the First Judicial Department on August 28, 1989, under the name Joseph Rokacz. At all times relevant to these charges, respondent has maintained an office for the practice of law within the First Judicial Department.

This disciplinary matter arises out of charges alleging that respondent committed a number of escrow violations. Specifically, the notice and statement of charges served on him by the Departmental Disciplinary Committee asserted that he violated various provisions of rule 1.15 of the Rules of Professional Conduct (22 NYCRR 1200.0), as well as rule 8.4 (h) and General Obligations Law § 7-103, by (1) depositing personal funds into his escrow account, (2) commingling client funds with personal funds in that account, (3) misappropriating client funds for purposes other than those for which they were intended, (4) depositing a tenant's security deposit into his escrow account rather than into a separate trust account, (5) issuing checks from his escrow account to pay his attorney registration fee and other business or personal expenses, thereby misusing his escrow account as a business account, (6) failing to maintain proper records relating to his escrow account, (7) depleting his tenant's security deposit, and (8) certifying during his biennial registration that he had read rule 1.15 (former Code of Professional Responsibility DR 9-102 [22 NYCRR 1200.46]) and was in compliance with it.

Respondent did not contest the first seven of the foregoing charges. The Referee sustained all eight charges, finding that respondent's admitted misconduct in failing to learn and comply

with the rules governing escrow accounts was the result of poor judgment, not dishonesty. The Referee also found respondent's evidence in mitigation to be compelling. He therefore recommended a public censure. The Hearing Panel affirmed the Referee's findings and sanction recommendation, finding that there was no venality and that no client or third party suffered harm or loss as a result of respondent's conduct.

The Committee now moves for an order pursuant to the Rules of the Appellate Division, First Department (22 NYCRR 605.15 [e] [1]), confirming the Hearing Panel's findings of fact and conclusions of law, and publicly censuring respondent.

In analogous situations, where an attorney mishandled his or her escrow account as a result of negligence or mistake, had a previously unblemished record with a history of public service, admitted to the charges, accepted full responsibility, demonstrated remorse, took remedial measures to avoid such problems in the future and cooperated with the Committee, this Court has consistently held that the appropriate sanction is public censure (*Matter of Dyer*, 89 AD3d 182, 185-186 [1st Dept 2011]). "Such a penalty is particularly appropriate in cases where, as here, there were findings made by both the Referee and Hearing Panel that the conduct in question 'reflected poor judgment rather than dishonesty' " (*id.* at 186, quoting *Matter of Cohen*, 12 AD3d 29, 31 [1st Dept 2004]).

Accordingly, the Committee's motion for an order confirming the Hearing Panel's findings and conclusions should be granted and respondent publicly censured.

FRIEDMAN, J.P., SWEENY, ANDRIAS, SAXE and KAPNICK, JJ., concur.

Respondent publicly censured.