[997 NYS2d 422]

In the Matter of JUDE ROBERTO CARDENAS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 2, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

Respondent Jude Roberto Cardenas was admitted to the practice of law in the State of New York by the Second Judicial Department on May 17, 1995. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.

The Departmental Disciplinary Committee (Committee) brought charges against respondent alleging that he violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.15 (a) (misappropriation of client funds and commingling personal funds with client and/or third-party funds), (b) (2) (failure to properly title an escrow account and the checks and deposit slips connected therewith), (d) (1) (i) and (ii) and (2) (failure to maintain required escrow account records), rule 8.4 (c) (conduct involving fraud, dishonesty, deceit or misrepresentation) and (d) (conduct prejudicial to the administration of justice, arising from false affirmations in his attorney registration statements), rule 7.5 (b) (using business cards and letterhead listing his law firm as "Cardenas & Associates," when, during the period at issue, he did not employ any associates), and, based on the foregoing violations, rule 8.4 (h) (conduct adversely reflecting on his fitness as a lawyer). Respondent admitted all the charges in his answer and a subsequent stipulation.

Respondent, who is 50 years old, has been a sole practitioner for most of his career. From 1996 until approximately 2008, respondent almost exclusively practiced criminal law. In or about 2008, respondent began doing transactional work, at which time he began using his escrow account. In early 2011, two escrow checks issued by respondent were dishonored due to insufficient funds, which led to the charges herein.

Respondent opened both an operating account and an escrow account when he first opened his law practice. His escrow checks had the acronym "IOLA" imprinted on them, but lacked the designation "attorney special account," "attorney trust account," or "attorney escrow account," as required by the rules at the time.

The Committee now petitions for an order, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) §§ 603.4 (d) and 605.15 (e) (2), confirming the Hearing Panel's findings of fact and conclusions of law and publicly censuring respondent. Although served with the petition, respondent has not submitted a response.

The Hearing Panel's report should be confirmed in its entirety, including its recommendation of a public censure. Charges two, six and seven should be deemed amended to reflect violations of both the former Disciplinary Rules and the current Rules of Professional Conduct. The Panel's liability findings are amply supported by respondent's admissions and the documentary evidence.

Public censure is in accord with this Court's precedent involving similar misconduct and is appropriate given the significant mitigation, i.e., respondent has no prior disciplinary history, fully admitted his misconduct, expressed credible remorse, took prompt corrective action in revising his escrow account keeping procedures, and fully cooperated with the Committee (*see Matter of Rokacz*, 121 AD3d 134 [1st Dept 2014]; *Matter of Guillorn*, 114 AD3d 134 [1st Dept 2013]). Respondent's mismanagement of his escrow account was negligent and nonvenal, and no client was harmed by his conduct or complained.

Accordingly, the Committee's petition should be granted, the Hearing Panel's findings of fact and conclusions of law should be confirmed, and respondent should be publicly censured.

ACOSTA, J.P., RICHTER, MANZANET-DANIELS, FEINMAN and GISCHE, JJ., concur.

Respondent publicly censured.