Matter of Meloni (2017 NY Slip Op 06406)





Matter of Meloni


2017 NY Slip Op 06406


Decided on September 5, 2017


Appellate Division, First Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 5, 2017
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rosalyn H. Richter,Justice Presiding,
Sallie Manzanet-Daniels
Angela M. Mazzarelli
Karla Moskowitz
Troy K. Webber, JJ.




[*1]In the Matter of Robert S. Meloni, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Robert S. Meloni, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Robert S. Meloni, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 12, 1981.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Remi E. Shea, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Robert S. Meloni was admitted to the practice of law in the State of New York by the First Judicial Department on January 12, 1981. At all times relevant to this proceeding, he has maintained a law practice within the First Judicial Department.
On March 1, 2017, respondent was served with a notice and statement of charges alleging violations of New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15(a), 1.15(b)(1) and (2), 1.15(e), and 8.4(h). The six charges alleged respondent's misuse of his escrow account by making improper cash withdrawals, commingling client funds with business [*2]funds, failing to properly identify the special account, and falsely certifying his compliance with rule 1.15 in his attorney biennial registration.
On or about April 5, 2017, respondent filed an answer and set forth mitigating factors.
Now, by joint notice of motion dated May 8, 2017, the Attorney Grievance Committee and respondent ask this Court to censure respondent, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8(a)(5), based upon the stipulated facts and consent of the parties.
Pursuant to 22 NYCRR 1240.8(a)(5)(i), the motion is supported by a joint affirmation which contains a statement of facts, conditional admissions, factors in mitigation, and an agreed upon discipline, namely, public censure. Pursuant to 22 NYCRR 1240.8(a)(5)(ii), the motion is accompanied by respondent's affidavit acknowledging his conditional admission of stipulated facts, his consent to the agreed upon discipline, which he has freely and voluntarily given, and his full awareness of the consequences of such consent.
Respondent was the owner and named partner of Meloni & McCaffrey, P.C. Thomas McCaffrey, Esq., was a partner of the firm in name only, without an ownership interest or access to the law firm's bank accounts. From at least August 2013 through June 2015 (the audit period), respondent maintained an escrow account.
Throughout the audit period, respondent used his escrow account as his operating account, during which time he withdrew approximately $92,203 in cash via ATM machines. During the audit period, respondent owed a total of approximately $31,398.69 in unpaid federal taxes for 2007, 2009, 2010 and 2011. In November 2014, the Internal Revenue Service notified him that his taxes were past due. One of the two letters sent was a "final notice" letter informing respondent of the IRS's intent to file a tax lien. On or about December 3, 2014, respondent made full payment of the $31,398.69 taxes owed.
On March 25, 2014, respondent received settlement funds in the amount of $22,500 into his escrow account. Two days later, on March 27, 2014, respondent authorized a $22,500 online wire transfer of those funds from his escrow account on behalf of his client. At the time that respondent held the settlement funds, he also held business funds in his escrow account.
Rule 1.15 prohibits commingling of client funds by requiring an attorney to maintain separate accounts for client funds and business or personal funds; requires withdrawals from an escrow account be made only to a named payee and not to cash; and requires an escrow account to be identified as "Attorney Special Account," "Attorney Trust Account" or "Attorney Escrow Account." In September 2014, when respondent filed his biennial attorney registration with the Office of Court Administration, he certified that he was in compliance with rule 1.15 when he was not. Specifically, respondent had commingled client and business funds, made cash withdrawals from his escrow account and improperly identified his escrow account as simply "Meloni & McCaffrey P.C."
Respondent admits that, by misusing his escrow account as a business operations account, he failed to maintain separate accounts incident to the practice of law in violation of rule 1.15(b)(1); by making cash withdrawals from his escrow account in the amount of approximately $92,203, he violated rule 1.15(e); by depositing $22,500 in settlement funds belonging to his client and a third-party in his escrow account where he maintained business funds, he violated rule 1.15(a); by failing to identify his attorney escrow account as "Attorney Special Account," "Attorney Trust Account" or "Attorney Escrow Account," he violated rule 1.15(b)(2); by falsely certifying that he was in compliance with rule 1.15 in a biennial attorney registration, he engaged in conduct that adversely reflects on his fitness as a lawyer in violation of rule 8.4(h); and by using his escrow account as his operating account while he had unpaid federal taxes, he engaged in conduct that adversely reflects on his fitness as a lawyer in violation of rule 8.4(h).
The parties stipulate to the following mitigation: respondent has never before been the subject of attorney discipline in the 36 years he has practiced law; for nearly 10 years he has been recognized as an "AV" rated attorney by Martindale Hubbell; he has engaged in pro bono activities; with the exception of the three-day period in March 2014, he did not hold client or [*3]third-party funds in his escrow account with his business funds; no checks were dishonored and no conversion or misappropriation of client funds occurred during the audit period; respondent has fully cooperated with the Committee and has taken full responsibility for his misconduct; and he has expressed remorse and embarrassment for his misconduct. In addition, respondent asserted that in the years prior to the audit period, he suffered both personal and financial hardships which contributed to his misuse of his escrow account. Specifically, in 2006, he separated from his wife of 10 years and not only was his divorce expensive but it affected his mental health, resulting in his seeking help for depression three years ago. Also, respondent's law firm suffered "a significant financial setback" when it lost its main client and, even though he filed tax returns during this period, he did not always pay the taxes owed because he did not have sufficient money to pay his firm's overhead expenses and the taxes.
Respondent also submitted two character letters attesting to his character and reputation in the community and no aggravation has been asserted.
The parties agree that a public censure should be imposed for the subject violations (see Matter of Kaplan, 113 AD3d 184 [1st Dept 2013]; Matter of Dyer, 89 AD3d 182 [1st Dept 2011]).
Liability on all of the charges has been established by respondent's conditional admissions and is amply supported by the stipulated facts. Accordingly, the only issue before this Court is the nature of the sanction to be imposed.
We find that the proposed discipline of a public censure is appropriate where respondent's conduct was a result of poor judgment and not dishonesty. Respondent commingled business funds with client funds on one occasion for approximately three days; and, although he waited to pay the federal taxes he owed until he received a final notice, respondent never failed to file his tax returns and he maintained proper bookkeeping records throughout the period of misuse. As the Committee notes, by operating out of his escrow account, respondent was trying to keep his law firm functional so that he could continue to improve its financial health and he did ultimately pay the taxes owed. Finally, respondent has never before been the subject of attorney discipline in his 36 years of practice. He has also expressed genuine remorse and embarrassment, and has engaged in pro bono activities.
Accordingly, it is recommended to grant the parties' joint motion for discipline by consent and respondent should be censured.
All concur.
Order filed.
[September 5, 2017]
Richter, J.P., Manzanet-Daniels, Mazzarelli, Moskowitz, Webber, JJ.
Respondent publicly censured. Opinion Per Curiam. All concur.