Matter of Lucere (2020 NY Slip Op 00862)





Matter of Lucere


2020 NY Slip Op 00862


Decided on February 5, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2018-04462

[*1]In the Matter of Mary T. Lucere, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Mary T. Lucere, respondent. (Attorney Registration No. 2223675)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. By decision and order on motion of this Court dated July 9, 2018, the Grievance Committee was authorized to institute and prosecute a disciplinary proceeding against the respondent. The Grievance Committee served and filed a notice of petition dated August 2, 2018, and a verified petition dated July 31, 2018, and the respondent served and filed a verified answer dated August 20, 2018. Subsequently, the Grievance Committee served and filed a statement of disputed and undisputed facts dated August 31, 2018, and the respondent filed a response thereto dated September 25, 2018. By decision and order on application of this Court dated October 1, 2018, the issues raised were referred to the Honorable Arthur J. Cooperman, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 14, 1988.



Catherine A. Sheridan, Hauppauge, NY (Robert H. Cabble of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Chris McDonough of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated July 31, 2018, containing six charges of professional misconduct. The respondent filed a verified answer dated August 20, 2018. After a preliminary conference held on November 1, 2018, and a hearing conducted on December 4, 2018, the Special Referee filed a report dated February 4, 2019, in which he sustained the charges, except for charge two, which had been withdrawn by the Grievance Committee at the hearing. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent requests that this Court impose a private reprimand in view of the evidence presented in mitigation.
The Petition 
Charge one alleges that the respondent failed to preserve funds belonging to other persons entrusted to her as a fiduciary, incident to her practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
At all relevant times, the respondent maintained an attorney escrow account denominated "Mary T. Lucere PLLC Attorney at Law IOLA Account," account number ending 3868, at Capital One Bank (hereinafter the IOLA account), which she used incident to her practice of law, and into which she deposited client or other third-party funds. Between December 1, 2015, and June [*2]30, 2016, the respondent was entrusted with client or third-party funds as a fiduciary, which funds were to be preserved in the IOLA account in connection with client transactions.
On December 1, 2015, the respondent was required to have on deposit $109,014.99 for six client matters (Buonomo, Carvel, Goodman, Robson, Wightman, and Hamilton). However, the IOLA account balance on that date was $105,263.09. The resulting $3,751.90 IOLA account deficiency remained between December 1, 2015, and December 29, 2015.
On December 31, 2015, the respondent was required to have on deposit $59,812.99 for seven client matters (Buonomo, Carvel, Goodman, Robson, Wightman, Hamilton, and Walker). However, the IOLA account balance on that date was $42,061.07.
Between January 1, 2016, and January 31, 2016, the IOLA account balance fell below the amount the respondent was required to maintain on the following dates as follows:
DateDeficiency 
1/1/16$17,751.92
1/4/16$10,751.90
1/5/16$ 3,751.90
1/13/16$ 319.90
1/20/16$ 319.90
1/26/16$ 319.90
1/28/16$ 319.90
1/29/16$ 319.90
Between January 31, 2016, and April 30, 2016, there continued to be a $319.90 shortage in the IOLA account.
On or about May 20, 2016, IOLA account check number 1965, made payable to the respondent in connection with the Walker matter in the sum of $5,000, was presented for payment and returned unpaid due to insufficient funds in the account. On May 23, 2016, the respondent deposited the sum of $391.90 in cash into the IOLA account, resulting in an IOLA account balance of $5,072.
Charge three alleges that the respondent misappropriated funds belonging to other persons entrusted to her as a fiduciary, incident to her practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On or about June 30, 2014, the respondent deposited a check in the sum of $21,000.02 into the IOLA account, representing the deposit for the purchase of real property in connection with the Marini matter. The respondent issued three checks for the Marini matter totaling $21,000, which cleared the IOLA account as follows:
Check # Date Payee Amount 
1460 8/13/14 Maria Stierheim $ 7,000
1463 8/15/14 Larry Marini $ 7,000
1464 8/19/14 Louis Marini $ 7,000
In December 2015, the respondent issued IOLA account check numbers 1806 and 1807, each in equal amounts of $7,000.01, to Larry Marini and Maria Stierheim, respectively, in connection with the Marini matter, without corresponding funds on deposit in the IOLA account. On December 30 and 31, 2015, these checks were paid against the IOLA account. In doing so, the respondent overdisbursed $14,000 from the IOLA account, which was paid against funds being held for other client matters (Buonomo, Robson, Wightman, Carvel, Walker, Goodman, and Hamilton).
Charge four alleges that the respondent misappropriated funds of other persons entrusted to her as a fiduciary, incident to her practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
On or about March 29, 2012, the respondent deposited a $28,000 down payment into the IOLA account, in connection with the Dillon matter. She disbursed these funds as follows:
Check Date Payee Amount 
1699 6/12/12 Abstracts, Inc. $ 1,170
1700 6/12/12 Anthony Dargenio $ 3,036
1701 6/12/12 Mary T. Lucere $ 1,500
1702 6/12/12 John Dillon $21,784
As a result, the respondent disbursed all but $510 of the funds she was holding in connection with the Dillon matter. The remaining $510 was disbursed as a fee check (number 1453) to the respondent, which was paid against the IOLA account on May 6, 2014.
On October 24, 2014, without corresponding funds on deposit, the respondent issued herself another fee check in connection with the Dillon matter, check number 1475, in the sum of $510, which was paid against other client or third-party funds on deposit in the IOLA account.
Charge five alleges that the respondent misappropriated client or third-party funds belonging to other persons entrusted to her as a fiduciary, incident to her practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
In June 2014, the respondent issued two IOLA account disbursements without corresponding funds on deposit. Specifically, the respondent issued check number 1400 on June 26, 2014, in the sum of $200, and check number 1399 on June 26, 2014, in the sum of $4,000. Both disbursements were paid against funds being held in the IOLA account for other clients or third parties.
Based upon the factual specifications alleged in charges one, three, four, and five, charge six alleges that the respondent has engaged in conduct that adversely reflects on her fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Hearing Evidence 
The respondent testified at the hearing that certain disbursement errors occurred as a result of record-keeping mistakes. In the Marini matter, the respondent issued duplicate checks, as her computer ledger continued to reflect that she was holding client funds for this matter. Shortly after doing so, the respondent discovered her error, notified her clients, and received a refund of those funds from her clients. Within one week after the Marini overdisbursements occurred, the respondent restored the funds to the IOLA account. In the Dillon matter, a second computer ledger page was created for the $510 remaining in the IOLA account after the closing. The client later approved payment of the respondent's fee, but that payment was not reflected in the respondent's fee ledger for the Dillon matter. This error resulted in the respondent mistakenly issuing a second fee payment. The respondent also explained that on another occasion, after returning from a vacation, she mistakenly issued checks using the wrong checkbook. Although the respondent retained an accountant to reconcile her accounts, the accountant testified that he did not reconcile the IOLA account to the respondent's ledgers, and he did not discover the outstanding disbursement errors until a review was conducted following the dishonored check. Once the outstanding disbursement errors were discovered, the respondent immediately restored the funds that had been removed in error. In an effort to avoid a reoccurrence of such mistakes, the respondent completed CLE courses on escrow management and retained a new accountant. The respondent also explained that she is no longer a sole practitioner, and now practices with a firm, where escrow funds are handled by the firm.
Findings and Conclusion 
Accordingly, based on the respondent's admissions and the evidence adduced, the Grievance Committee's motion to confirm the report of the Special Referee is granted, and charges one, three, four, five, and six are sustained.
The respondent requests that this Court impose a private reprimand, in view of the evidence presented in mitigation, including the respondent's unintentional mismanagement and inadvertent invasion of client funds; the absence of harm to any client; her timely, good-faith effort to rectify the consequences of her misconduct and the remedial measures instituted; her cooperation with the Grievance Committee; her expressed remorse and many years of volunteer service as a fee arbitrator and with Nassau Suffolk Law Services, during which she twice received a pro bono award; her volunteer community activities; and the character evidence demonstrating that the respondent is held in high regard as an honest person and a credit to her profession. We have also considered the respondent's limited disciplinary record in more than 31 years of practice, having received a single Letter of Caution in 2009.
Under the totality of circumstances, we find that a public censure is warranted.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,
ORDERED that the respondent, Mary T. Lucere, is publicly censured for her professional misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court