Matter of Katz (2020 NY Slip Op 04393)





Matter of Katz


2020 NY Slip Op 04393


Decided on August 5, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
BETSY BARROS, JJ.


2019-01840

[*1]In the Matter of David Michael Katz, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; David Michael Katz, respondent. (Attorney Registration No. 4455093)



JOINT MOTION pursuant to 22 NYCRR 1240.8(a)(5) by the Grievance Committee for the Ninth Judicial District and the respondent, David Michael Katz, for discipline on consent. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on September 19, 2007.



Gary L. Casella, White Plains, NY (Forrest Strauss of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Chris McDonough of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Ninth Judicial District served the respondent with a verified petition dated February 19, 2019, containing seven charges of professional misconduct. The respondent filed an answer dated March 19, 2019. Pursuant to 22 NYCRR 1240.8(a)(1) the Grievance Committee, upon the consent of the respondent, withdrew charges two and three of the petition.
The Grievance Committee and the respondent now jointly move pursuant to 22 NYCRR 1240.8(a)(5) for discipline on consent, and request the imposition of a public censure. As provided for in 22 NYCRR 1240.8(a)(5)(i), the parties have submitted a joint affirmation dated October 8, 2019, in support of the motion. In addition, the respondent has submitted an affidavit sworn to on September 17, 2019. This matter involves the respondent's improper maintenance of his attorney trust account, including commingling of personal funds in the trust account and providing nonlawyers with the authority to make transactions directly into and from his trust account.
By virtue of the stipulation presented with the joint affirmation, the parties have agreed that the following factual specifications are not in dispute: Between January 1, 2015, and August 2016, the respondent, who practices in the area of collection law, used the services of credit card servicing companies. The respondent permitted one or more of the credit card servicing companies to directly debit their fee from his trust account. The respondent would thereafter transfer funds from his operating account to the trust account to cover the fees of the credit card servicing companies. Inasmuch as there was a delay before the respondent replenished the funds removed by the credit card servicing companies, shortages occurred in the respondent's trust account. On January 1, 2016, there was a $2,713.11 shortfall in the respondent's attorney trust account, which he discovered after a check issued from that account was returned. During the period investigated, shortages occurred in the respondent's trust account for periods ranging between days and months, [*2]and resulted in the misappropriation of funds being held for third parties.
As required, the respondent conditionally admits by virtue of his conduct that he: (1) engaged in two counts of misappropriating trust account funds received incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0); (2) commingled personal funds and third-party funds within his attorney trust account, in violation of rule 1.15(a) of the of the Rules of Professional Conduct (22 NYCRR 1200.0); (3) permitted nonlawyers to make deposits or disbursements directly into and from his trust account, in violation of rule 1.15(e) of the Rules of Professional Conduct (22 NYCRR 1200.0); and (4) engaged in conduct that adversely reflects upon his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0). Further, the respondent consents to the agreed discipline of a public censure, which consent is given freely and voluntarily, without coercion or duress. Lastly, the respondent states that he is fully aware of the consequences of consenting to such discipline, having discussed the consequences with his attorney.
In mitigation, the respondent requests consideration of, inter alia, his remorse; that he did not intend to deliberately circumvent any rules or ethical obligations; that he discovered the insufficient balance and replenished the funds prior to the Grievance Committee's investigation; that no clients were harmed; that all deficits to his trust account were corrected; that he terminated all third-party access to his attorney trust account; that he made substantial changes to his accounting practices; that there has been no reoccurrence of the trust account errors; and his unblemished disciplinary history in 12 years of practice.
In aggravation, the parties agree that the respondent used a convoluted record-keeping system that prolonged the investigation and resolution of this matter, and that the respondent allowed a nonlawyer business management employee, whose employment was terminated as a result of the discovery of the insufficient trust account balance, to adversely affect the financial operations of his law firm.
As to the appropriate sanction, the parties contend that the public censure requested is in accord with precedent from this Court under similar circumstances.
Based on the foregoing, we find that the respondent's failure to provide proper oversight and his poor record-keeping practices resulted in the misappropriation of client funds. In view of the respondent's admitted misconduct as well as the aggravating and mitigating factors presented herein, we conclude that the joint motion for discipline on consent pursuant to 22 NYCRR 1240.8(a)(5) should be granted, and that a public censure is warranted.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BARROS, JJ., concur.
ORDERED that the joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline on consent is granted; and it is further,
ORDERED that the respondent, David Michael Katz, is publicly censured for his misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court