Matter of Fortuna (2020 NY Slip Op 07283)





Matter of Fortuna


2020 NY Slip Op 07283


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
Angela M. Mazzarelli
Anil C. Singh
Tanya R. Kennedy
Saliann Scarpulla, JJ.


Motion No. 2020-03348 Case No. 2020-03672 

[*1]In the Matter of Nicholas J. Fortuna, (Admitted as Nicholas Joseph Fortuna), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Nicholas J. Fortuna (OCA Atty. Reg. No. 2117067) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, as Nicholas Joseph Fortuna, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on April 22, 1987.




Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Kevin P. Culley, of counsel), for petitioner.
[*2]
Michael S. Ross, Esq., for respondent.



Per Curiam. 


Respondent Nicholas J. Fortuna was admitted to the practice of law in the State of New York by the Second Judicial Department on April 22, 1987, under the name Nicholas Joseph Fortuna. At all times relevant to this proceeding, he maintained a law office within the First Judicial Department.
In August 2020, the Attorney Grievance Committee (Committee) filed a Petition of Charges alleging that respondent, inter alia, misappropriated client and third-party funds and commingled business funds with client and third-party funds.
The Committee and respondent now jointly move under the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.8(a)(5) for discipline by consent and request that respondent receive a public censure for his misconduct. The motion is supported by a joint affirmation, which contains a statement of facts, conditional admissions of professional misconduct, factors in mitigation, and agreed upon discipline. The motion is also accompanied by respondent's affidavit acknowledging his admission to the stipulated facts, his consent to the agreed upon discipline, which he has freely and voluntarily given, and his full awareness of the consequences of such consent (22 NYCRR 1240.8[a][5][i] and [ii]).
Respondent conditionally admits that his actions violated the charges alleged in the Petition of Charges, including that:

 Respondent misappropriated client and third-party funds in violation of New York Rules of Professional Conduct (22 NYCRR 1200.0) (RPC) 1.15(a) by failing to maintain intact client and third-party funds held in his Citibank escrow account incident to his practice of law, and permitting the balances of said funds to fall below the amount required to be maintained therein for the benefits of clients and third parties;
 Respondent commingled said funds in violation of RPC rule 1.15(a) by depositing business funds into his Citibank escrow account, which simultaneously held client and third-party funds;
 Respondent failed to hold client and third-party funds in a separate account incident to his practice of law in violation of RPC rule 1.15(b)(1) by depositing business funds into his Citibank escrow account, which simultaneously held client and third-party funds;
 Respondent violated RPC rule 1.15(d)(2) by failing to make accurate entries of all financial transactions in his firm's special account, in his firm's records of receipts and disbursements, in a ledger book or similar record, or other books of account kept in the regular course of business;
 Respondent engaged in conduct that adversely reflected on his fitness as a lawyer in violation of RPC rule 8.4(h) by using his Citibank escrow account as a business account to hold and disburse business funds out of a concern that Citibank might have unilaterally withdrawn said funds to satisfy a loan if they were kept in his business account while he refinanced the Citibank line of 
 [*3]credit loan; and
 Respondent engaged in conduct that adversely reflected on his fitness as a lawyer in violation of RPC rule 8.4(h) by virtue of having committed all of the misconduct described above.

The parties have stipulated to the following factors in mitigation:

 Respondent has no prior discipline, nor have any complaints been made against him since the misconduct at issue occurred; he accepted full responsibility for his misconduct and expressed sincere remorse, contrition, and embarrassment for it; and fully cooperated with the Committee's investigation; and
 Respondent had no venal intent; he has taken extensive remedial measures to correct his failure to maintain proper bookkeeping records; he asserts that there is no risk of his engaging in future misconduct; he is well regarded in the legal community and has an excellent reputation for the character traits of honesty and integrity and for adherence to standards of professional ethics; and he has engaged in volunteer work in his community and provided pro bono legal services to those in need.

The parties agree that the appropriate sanction herein is a public censure. In support they cite, inter alia, Matter of Peskin, 173 AD3d 47 [1st Dept 2019]; Matter of Meloni, 154 AD3d 67 [1st Dept 2017]; and Matter of Cardenas, 124 AD3d 123 [1st Dept 2014]. The parties also cite Matter of Rokacz, 121 AD3d 134 [1st Dept 2014]; Matter of Guillorn, 114 AD3d 134 [1st Dept 2013]; Matter of Rosenberg, 109 AD3d 225 [1st Dept 2013]; and Matter of Dyer, 89 AD3d 182 [1st Dept 2011].
Additionally, the parties argue that respondent's case significantly differs from those in which attorneys were suspended for misuse of escrow accounts to shield funds from tax authorities and/or judgment creditors.
In light of respondent's admitted misconduct, the mitigating factors presented, and the relevant case law, the parties' motion for discipline by consent should be granted and respondent should be publicly censured (see e.g., Matter of Meloni, 154 AD3d at 67). Moreover, the Committee's Petition of Charges should be denied as moot.
All concur.
It is Ordered that the parties' joint motion pursuant to 22 NYCRR 1240.8(a)(5) for discipline by consent is granted, and
It is further Ordered that respondent, Nicholas J. Fortuna, is publicly censured for his misconduct, and
It is further Ordered that the Committee's Petition of Charges is denied as moot.
Entered: [December 3, 2020]