Matter of Marks (2022 NY Slip Op 01739)





Matter of Marks


2022 NY Slip Op 01739


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische,J.P.,
Cynthia S. Kern
Tanya R. Kennedy
Saliann Scarpulla
Bahaati E. Pitt, JJ.


Motion No. 2021-04314 Case No. 2021-04702 

[*1]In the Matter of Jeffrey D. Marks, an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jeffrey D. Marks, (OCA Attorney Registration No. 2194314), Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 11, 1988.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Sean A. Brandveen, Esq, of counsel), for petitioner.
Jeffrey D. Marks, Esq., respondent pro se.



Per Curiam 


Respondent Jeffrey D. Marks was admitted to the practice of law in the State of
New York by the First Judicial Department on April 11, 1988. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
Following a random audit of respondent's attorney books and records in 2010, the New Jersey Office of Attorney Ethics (OAE) charged respondent in 2017 with escrow-related misconduct. In his response, on the advice of his first counsel, respondent initially asserted his Fifth Amendment Privilege against self-incrimination. Respondent subsequently obtained new counsel and amended his answer to omit the claim of privilege, prompting the reopening of the OAE investigation. The parties then entered into a stipulation in which respondent admitted to having committed professional misconduct.
Respondent's misconduct arose, in part, from the disbursement of his clients' funds, which had been set aside in escrow to satisfy medical liens, directly to himself. Respondent did not ask his clients for permission to use their funds in this manner. On separate occasions, as part of a loan agreement with a pre-settlement funding company, respondent also disbursed to himself from his clients' escrow funds portions of settlement advances owed to the company. Improper bookkeeping and a $170,000 accounting error led to the invasion of and over-disbursement from the non-pre-settlement funding company funds, temporarily creating more than a $56,000 shortage in the escrow account. This shortage increased to over $70,000 less than a month later. In sum, respondent used his clients' escrow funds as if they were a line of credit and thus commingled personal funds with escrow account funds. Throughout this process, respondent also neglected to reconcile his escrow account on a monthly basis.
In September 2017, a Special Ethics Master held a hearing, focusing on the issue of mitigation. Therein, respondent apologized for his misconduct and gave assurance that it would not be repeated. After the random audit that led to the disciplinary matter at issue here, respondent hired a CPA to help maintain his record keeping. At the hearing, respondent also attributed his misconduct to depression, difficulty with memory and concentration, and personal financial difficulty. These issues were exacerbated by flood damage to respondent's home and office and the strains these problems caused his marriage. Respondent further asserted that, as of the time of the hearing, he had since healed his marriage, his focus and memory had improved, he had continued to see a psychiatrist twice a year, and that he had been "fine" for the past eight or nine years. By undated decision, the Special Master found that respondent had violated New Jersey Rules of Professional Conduct (NJ RPC) as stipulated [*2]by the parties and recommended that respondent be reprimanded.
Following a de novo review of the record, the New Jersey Disciplinary Review Board (DRB) issued a decision dated October 9, 2018, in which it affirmed the Special Master's misconduct findings insofar as finding that respondent committed negligent misappropriation, commingling, and record keeping violations in violation of NJ RPC rules 1.15(a) and (d).[FN1] The DRB recommended a public censure as a sanction against respondent.
By order entered March 13, 2019, the Supreme Court of New Jersey affirmed the DRB's misconduct findings and sanction recommendation as stated above, and censured respondent. Respondent did not notify the New York Attorney Grievance Committee (AGC) of his discipline in New Jersey as required by 22 NYCRR 1240.13(d), which it learned of via notification from the New Jersey Supreme Court Clerk's office.
The AGC now seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR § 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, publicly censuring him based on the misconduct underlying his discipline in New Jersey, or, in the alternative, imposing whatever discipline the Court deems appropriate, if any. Respondent does not oppose the imposition of a censure.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) a lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this State. Respondent has not raised any of these enumerated defenses to reciprocal discipline. In any event, no defense applies here as respondent received adequate due process in the New Jersey proceeding in that he was advised of the charges against him and jointly stipulated to them and he was afforded the opportunity to be heard and represented by counsel. Additionally, the misconduct findings are fully supported by the record.
Lastly, respondent's violation of NJ RPC rule 1.15(a) (failure to safeguard funds/commingling) would constitute misconduct in New York in violation of Rules of Professional Conduct (22 NYCRR 1200.0) (NY RPC) rules 1.15(a) and 1.15(b) (nonvenal misappropriation and commingling). While respondent's violation of NJ RPC rule 1.15(d), insofar as he failed to perform monthly escrow account reconciliations as required by New Jersey Court Rule 1:21-6(c)(1)(H), does not have an exact New York analogue, respondent also violated NJ RPC rule 1.15(d) by failing to maintain bookkeeping records as required by New Jersey Court Rule 1:21-6(c)(1)(A) and (G), which is analogous to NY RPC rule 1.15(d) (failure to maintain required bookkeeping records).
"[S]ignificant weight should be given to the sanction imposed by the [*3]jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]), and "[o]nly in rare instances will this Court depart from its general rule" (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]).
Public censure, as requested by the AGC, is the appropriate sanction notwithstanding respondent's failure to notify the AGC of his discipline in New Jersey, as it is commensurate with the discipline imposed in New Jersey and is in general accord with precedent involving arguably comparable misconduct of negligent handling of escrow accounts (see e.g. Matter of Bassetti, 143 AD3d 27 [1st Dept 2016]; Matter of Cardenas, 124 AD3d 123 [1st Dept 2014]; Matter of Deitch, 109 AD3d 1 [1st Dept 2013]; Matter of Rosenberg, 109 AD3d 225 [1st Dept 2013].
Accordingly, the ACG's motion for an order imposing a public censure pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13 and the doctrine of reciprocal discipline should be granted and respondent hereby censured.
All concur.
It is ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of New Jersey, is granted, and
It is further ordered that respondent, Jeffrey D. Marks, is publicly censured for the underlying misconduct.
Entered: March 15, 2022



Footnotes

Footnote 1: Although respondent stipulated that he also violated NJ RPC rules 1.3 (lack of diligence), 1.4(b) (failure to communicate with the client), and 1.8(a) (conflict of interest), the DRB dismissed these charges, finding there was no clear and convincing evidence to support them.