Matter of Huston (2023 NY Slip Op 01165)

Matter of Huston

2023 NY Slip Op 01165

Decided on March 07, 2023

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Rolando T. Acosta,P.J.,
Troy K. Webber
Anil C. Singh
Lizbeth González
Bahaati E. Pitt-Burke, JJ.

Motion No. 2022-05109 Case No. 2022-05739 

[*1]In the Matter of Barry S. Huston (Admitted as Barry Scott Huston), an Attorney and Counselor-at Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Barry S. Huston (OCA ATTY. REG. NO. 1042688), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the Tenth Judicial District. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on April 25, 1973.

Attorney Grievance Committee, New York (Ann Marie Modica-Schaffer, of counsel), for petitioner.
Michelle Aulivola, Esq., for respondent.

Per Curiam 

Respondent Barry S. Huston was admitted to the practice of law in the State of New York by the Second Judicial Department on April 25, 1973, under the name Barry Scott Huston. By unpublished order dated December 21, 2022, the Appellate Division, Second Department, on its own motion (M286526), transferred this disciplinary proceeding to this Court, thereby conferring jurisdiction over respondent (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7 [a] [2]).
In June 2021, the Attorney Grievance Committee for the Tenth Judicial District (AGC) served respondent with a petition containing eight charges of professional misconduct relating to his attorney trust account (escrow account). The petition alleged that respondent violated New York's Rules of Professional Conduct (22 NYCRR 1200.00) rule 1.15 (a) by commingling and misappropriating funds in his law firm's account; rule 1.15 (d) (2) by failing to accurately maintain a ledger or similar record of disbursements and deposits for his law firm's escrow account; rule 1.15 (e) by making cash withdrawals and issuing checks payable to cash against his law firm's escrow account; and rule 8.4 (h) by engaging in conduct that adversely reflects on his fitness as a lawyer based on the misconduct described above.
Respondent interposed an answer and affirmative defenses. By unpublished order entered August 24, 2021, the Appellate Division, Second Department appointed a Referee to hear and report and consider evidence in mitigation and aggravation, if any (M278750). On August 31, 2021, the parties entered into a stipulation amending the verified petition.
On November 17 and 18, 2021, the Referee conducted a hearing. The AGC did not call any witnesses, and instead relied on documentary evidence. Respondent, who was represented by counsel, testified on his own behalf, presented nine character witnesses, and submitted a character letter and documentary evidence. At the conclusion of the hearing, the parties submitted post-hearing briefs. The Referee issued a report dated February 4, 2022, sustaining all eight charges based on the evidence presented and respondent's admission to the charges. The report, however, did not provide a recommendation as to the appropriate sanction to impose.
Respondent, who is currently 76 years old, and has practiced law for nearly 50 years without incident, has been managing his escrow account since he started his own firm in 2012. The charges against respondent arose from two escrow checks, which were issued by respondent in December 2019 and February 2020, being dishonored due to insufficient funds. However, nearly all respondent's escrow related misconduct resulted from his own admitted failure to make accurate entries of transactions in his escrow account from January 2017 through February 2020 and his failure to reconcile the records of his transactions.
On separate [*2]occasions, respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law: on January 13, 2017, respondent issued a check to himself for legal fees which was paid against the escrow account, temporarily creating a shortage in the escrow account; between January 13, 2017 and March 7, 2017, respondent issued four checks to himself and co-counsel representing legal fees against the escrow account, thereby creating a temporary shortage in the escrow account; and on November 6, 2019, respondent issued a check to himself for legal fees which was paid against the escrow account, over disbursing the escrow account and creating a temporary shortage.
Respondent also commingled personal funds with funds entrusted to him as a fiduciary. On August 24 and September 14, 2018, respondent deposited settlement funds, representing legal fees and client trust funds, into the escrow account. As of January 3, 2019, earned legal fees relating to the August and September 2018 deposits still remained on deposit in the escrow account. Lastly, respondent made two cash withdrawals and issued two checks payable to cash against the escrow account.
The AGC now seeks an order, pursuant to 22 NYCRR 1240.8 (b), confirming the Referee's report and for the imposition of such discipline upon respondent as the Court deems just and proper. In response, respondent contends that charge seven, which charges respondent for failing to reconcile his escrow account between January 2017 and February 2020, and charge eight, which charges respondent for his engagement in all the aforementioned conduct, are duplicative of each other and, therefore, charge eight should be dismissed. Respondent further contends that certain statements contained in the Referee's report either misstate and/or reflect the Referee's misinterpretation of evidence presented at the hearing. Lastly, respondent requests that the matter be referred back to the AGC for the imposition of a private admonition or, in the alternative, imposition of discipline no more severe than a public censure.
The Referee's report should be confirmed in its entirety. A review of the evidence presented to the Referee indicates that there is ample support for the findings of misconduct to which respondent admitted. As it relates to charges seven and eight (conduct adversely reflecting fitness as a lawyer), respondent admitted to both charges. Further, charge seven alleges misconduct specifically based on his failure to reconcile his escrow account, whereas charge eight encompasses all the misconduct at issue. Therefore, charge eight is not duplicative of charge seven.
As it pertains to mitigation, the following factors have been considered: respondent had no prior disciplinary history in nearly 50 years of practicing law; respondent fully admitted his errors; respondent expressed remorse for his unintentional conduct; respondent took remedial action with respect to the management of his escrow account; respondent [*3]corrected all deficits; and there were no clients that lost money or filed a complaint. Although a recommendation as to the appropriate sanction was not provided in the Referee's report or set forth in the AGC's application, public censure is in accord with both this Court's and the Second Department's precedent involving similar misconduct and is appropriate even in light of the nonvenal nature of the conduct and factors in mitigation (Matter of Novofastovsky, 204 AD3d 15 [1st Dept 2022]; Matter of Fortuna, 190 AD3d 70 [1st Dept 2020]; Matter of Cardenas, 124 AD3d 123 [1st Dept 2014]; Matter of Guillhorn, 114 AD3d 134 [1st Dept 2013]; Matter of Katz, 185 AD3d 51 [2d Dept 2020]; Matter of Lucere, 181 AD3d 113 [2d Dept 2020]; Matter of Astarita, 179 AD3d 33 [2d Dept 2019]).
Accordingly, the AGC's motion to confirm the Referee's findings of fact and conclusions of law should be granted, and respondent is publicly censured.
All concur.
IT IS ORDERED that the motion of the Attorney Grievance Committee for the Tenth Judicial District pursuant to 22 NYCRR 1240.8(b) to confirm the Referee's report is granted, and respondent is publicly censured.
Entered: March 7, 2023