Matter of Oshman (2025 NY Slip Op 06258)

Matter of Oshman

2025 NY Slip Op 06258

Decided on November 13, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 13, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Renwick
Kennedy
González
O''Neill Levy
Michael

Motion No. 2025-04545|Case No. 2025-05075|

[*1]In the Matter of Theodore Oshman, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Theodore Oshman (OCA Atty. Reg. No. 1828169), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Theodore Oshman, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on October 4, 1982.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Christopher S. Ronk, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Theodore Oshman was admitted to the practice of law in the State of New York by the First Judicial Department on October 4, 1982. Although his current registered business address on file with the Office of Court Administration is in New Jersey, this Court retains continuing jurisdiction over respondent as the Judicial Department in which he was admitted to practice (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
By December 11, 2024 order, the Supreme Court of New Jersey publicly reprimanded respondent for, inter alia, negligently misappropriating client funds and knowingly practicing law in New Jersey while administratively ineligible to do so.
By August 25, 2025 notice of motion, the Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, directing him to demonstrate why discipline should not be imposed in New York for the misconduct underlying his discipline in New Jersey, and publicly censuring respondent, or, in the alternative, imposing such sanction as the Court deems just and proper under the circumstances. Respondent has not appeared in this matter.
The AGC maintains that a public censure is the appropriate reciprocal discipline as it is commensurate with the discipline imposed in New Jersey and comports with the relevant precedent. The AGC served the motion by email with respondent's consent, but, to date, he has not submitted a response.
In this reciprocal discipline proceeding, respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
While respondent has not appeared and asserted any of the defenses to reciprocal discipline, it is nevertheless submitted that none of them are available to him because: he received notice of the misconduct allegations against him and chose to enter into a stipulation with the OAE admitting them and he consented to the discipline imposed. Furthermore, respondent's admissions fully support the misconduct findings upon which he was disciplined.
Respondent's misconduct in New Jersey would constitute misconduct in New York in violation of Rules of Professional Conduct (22 NYCRR 1200.0) 1.15(a), 1.15(b)(1), 1.15(d), 5.5(a). Respondent's conduct further constitutes violations of the catch-all rules 8.4(d) [conduct that is prejudicial to the administration of justice], and 8.4(h) [engaging in conduct that adversely reflects upon the lawyer's fitness as a lawyer]. Therefore, this Court should impose reciprocal discipline (22 NYCRR 1240.13[c]).
A public censure, as requested by the AGC, is the appropriate reciprocal discipline in this matter as it is commensurate with the public reprimand issued by the Supreme Court of New Jersey and is in general accord with this Court's precedent involving comparable misconduct (see e.g. Matter of Wait, 237 AD3d 110 [1st Dept 2025] [censure based on public reprimand in New Jersey for negligent misappropriation of escrow funds and failure to maintain required bookkeeping records]; Matter of Marks, 204 AD3d 129 [1st Dept 2022] [reciprocal censure based on censure in New Jersey for, inter alia, negligent misappropriation of escrow funds and recordkeeping violations]; Matter of Valvano, 186 AD3d 1 [1st Dept 2020][reciprocal censure based on censure in New Jersey for, inter alia, practicing law while under administrative suspension]; Matter of Block, 116 AD3d 163 [1st Dept 2014][censure based on reprimand in New Jersey for practicing law in that state while under administrative suspension]).
Accordingly, the AGC's motion for discipline by consent should be granted and respondent publicly censured.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of New Jersey, is granted, and respondent, Theodore Oshman, is publicly censured.
Entered: November 13, 2025