Matter of Lubenesky (2026 NY Slip Op 01732)

Matter of Lubenesky

2026 NY Slip Op 01732

Decided on March 24, 2026

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 24, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department
Present — Hon. Troy K. Webber, Justice Presiding, David Friedman, Bahaati E. Pitt-Burke, LlinÉt M. Rosado, Kelly O'Neill Levy, 
Justices. 

Motion No. 2025-05662|Case No. 2025-06542|

[*1]In the Matter of John Stephen Lubenesky, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, John Stephen Lubenesky (OCA Atty. Reg. No. 3959368), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, John Stephen Lubenesky, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 27, 2001.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Kristen M. Lasak, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent John S. Lubenesky was admitted to the practice of law in the State of New York by the First Judicial Department on March 27, 2001, under the name John Stephen Lubenesky. Respondent has not appeared in this proceeding and his last registered address is in New Jersey. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.7(a)(2).
In December 2022, respondent's bank notified the New Jersey Office of Attorney Ethics (OAE) of a $1,544 overdraft of his attorney trust account (ATA), which was caused by his failure to maintain sufficient funds to cover a $120,000 check issued from the account. In April 2023, the OAE conducted a demand audit of respondent's escrow and business accounts, which revealed numerous record-keeping deficiencies.
Following the demand audit, on April 17, 2023, the OAE sent respondent a letter detailing his record-keeping violations and directed that he demonstrate in writing by May 17, 2023, the actions he had taken to correct the deficiencies. Between May 15 and July 26, 2023, the OAE granted respondent several extensions to demonstrate the actions taken to correct his record-keeping practices. The OAE granted respondent a final extension to August 23, 2023, and respondent failed to fully provide the requested information.
Following respondent's incomplete submission, the OAE filed a formal ethics complaint against respondent on December 5, 2023. Respondent submitted an answer on January 16, 2024, and an amended answer on February 8, 2024.
Thereafter, on or about May 21, 2024, the parties entered into a stipulation in which respondent admitted to violating New Jersey Rules of Professional Conduct (NJRPC) rule 1.15(d), by failing to comply with the record-keeping requirements of New Jersey Rules of Court 1:21-6. Specifically, respondent admitted to (1) maintaining improper ATA and attorney business account designations; (2) failing to maintain ATA and business account receipts and disbursement journals; (3) failing to maintain separate ledger cards for each client and for law firm funds held for bank charges; (4) failing to conduct monthly three-way ATA reconciliations; (5) failing to maintain a running cash balance for his ATA checkbook; (6) conducting improper electronic transfers from his ATA; and (7) failing to maintain proper business account image-processed checks.
Respondent also admitted to violating NJRPC 1.15(b), by failing to promptly return a client's $4,674 down payment in an aborted real estate transaction, and by allowing a client's funds to languish in his ATA. Additionally, respondent admitted to violating NJRPC rule 8.1(b), by failing to fully comply with the OAE's request that he provide proof that he had corrected his bookkeeping records from May through August 2023, despite being granted multiple extensions to do so.
On July 25, 2024, the New Jersey Disciplinary Board (DRB) heard the parties' arguments as to the appropriate sanction. The OAE recommended the imposition of an admonition or a reprimand, conditioned upon respondent demonstrating to the OAE that he had corrected his outstanding record-keeping deficiencies within thirty days of the court's disciplinary order in the matter. The OAE also recommended that respondent be required to attend an OAE approved record-keeping course and submit proof of completion within 15 days of attendance.
Respondent, through counsel, urged for the imposition of an admonition. In support of his request, and in mitigation, respondent indicated that he had no prior discipline in his 24-year legal career, he conserved disciplinary resources by admitting his misconduct, and he maintained that he was suffering from a persistent illness during the investigation. Respondent further indicated that he agreed with the OAE's recommended conditions and stated his intent to correct his outstanding record-keeping deficiencies.
By decision dated November 8, 2024, the DRB found that respondent violated NJRPC 1.15(b), by failing to promptly deliver funds to his client in connection with a real estate transaction; violated NJRPC rule 1.15(d), by failing to comply with the record-keeping requirements of New Jersey Rules of Court 1:21-6; and violated NJRPC 8.1(b), by failing to fully cooperate with the OAE's investigation of his financial records.[FN1] As to the sanction, the DRB recommended respondent be reprimanded for his misconduct and adopted the conditions recommended by the parties.[FN2]
By order dated January 28, 2025, the Supreme Court of New Jersey affirmed the DRB's misconduct findings, reprimanded respondent for violating NJRPC rules 1.15(b), (d) and 8.1(b), and imposed the conditions included in the DRB's decision. Respondent did not notify the New York Attorney Grievance Committee (AGC) of his discipline in New Jersey as required by 22 NYCRR 1240.13(d). The AGC learned of respondent's discipline from an OAE report.
The AGC now seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, finding that respondent has been disciplined by a foreign jurisdiction, publicly censuring him based on the misconduct underlying his discipline in New Jersey, or, in the alternative, sanctioning respondent as this Court deems appropriate.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13(b), respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
Although respondent has not appeared in this proceeding, none of the enumerated defenses are applicable here. Respondent received notice of the allegations against him, submitted both an answer and an amended answer to the OAE's complaint, participated in the DRB proceedings and argued, through counsel, for mitigation. Additionally, the record, which includes respondent's admissions, strongly supports the DRB's findings. Respondent's misconduct in New Jersey would also constitute misconduct in New York in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rules 1.15(b)(2), 1.15(c)(1), 1.15(d), 1.15(e), and 8.4(d).
With respect to sanction, as a general rule this Court defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163, 165 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]). Thus, public censure, as requested by the AGC, is the appropriate sanction here as it is commensurate with the discipline imposed in New Jersey and is in general accord with this Court's precedent involving comparable misconduct (see Matter of Dratch, — AD3d —, 2025 NY Slip Op 05463 [1st Dept 2025]; Matter of Wait, 237 AD3d 110 [1st Dept 2025]; Matter of Marks, 204 AD3d 129 [1st Dept 2022]).
Accordingly, the AGC's motion for an order imposing a public censure pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13 and the doctrine of reciprocal discipline should be granted, and respondent hereby censured.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to 22 NYCRR 1240.13 and Judiciary Law § 90(2), is granted, and respondent, John Stephen Lubenesky, is publicly censured.
Entered: March 24, 2026

Footnotes

Footnote 1: Although responded stipulated that he allowed a seller's funds to languish in his ATA in violation of NJRPC 1.15(b), the DRB declined to sustain the additional NJRPC 1.15(b) charge on this basis.
Footnote 2: As noted above, the agreed to conditions required respondent to, "within thirty days of the Court's disciplinary Order in this matter . . . demonstrate to the OAE that he has corrected all outstanding recordkeeping deficiencies" and "within sixty days of the Court's disciplinary Order . . . complete an OAE-approved recordkeeping course and submit proof of completion within fifteen days of attendance."